IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KATHY CONYER                                                                                    PLAINTIFF

v.                                            CASE NO. 5:07CV00158 BD

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kathy Conyer, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004)("Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the decision").

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket entry #4)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by knee pain. (Tr. 14) After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[2] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 12, 2006, the date of his decision. (Tr. 32) On April 23, 2007, the Appeals Council granted Plaintiff's request for a review of the ALJ's decision and found she was disabled as of July 12, 2006, but not before.[3] (Tr. 8-11) Plaintiff then filed her complaint initiating this appeal. (Docket #2) After considering the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 49 years old at the time of the hearing. (Tr. 212) She is a high school graduate with two years of college. (Tr. 223) She has past relevant work as a correctional officer and factory sewer. (Tr. 31, 75)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the

---

[2] The Honorable Donald R. Rebsamen.

[3] The different result was based on Plaintiff's age. (Tr. 10)

impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work.  If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied.  20 C.F.R.  §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant cannot perform past relevant work, the ALJ proceeds to Step 5, which requires a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) .  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 23)  He found  Plaintiff had a "severe" impairment, *i.e.*, bilateral knee osteoarthritis with left knee total arthroplasty and major depression, single episode.  *Id.*  He found she did not have an impairment that met or equaled a Listing.  (Tr. 25)  He judged that Plaintiff's allegations regarding her limitations were not totally credible.  (Tr. 27-30)

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of sedentary work.  (Tr. 31)  He found she was unable to perform any of her past relevant work.  *Id.*  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, charge account clerk, telephone quotation clerk and order clerk.  (Tr. 32)  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

 Plaintiff contends that the ALJ erred in not finding that she met Listing 1.03, which reads as follows:

> 1.03 *Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint*, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005).

The referenced 1.00B2b reads as follows:

> *b. What We Mean by Inability to Ambulate Effectively*
> (1) *Definition.* Inability to ambulate effectively means an extreme limitation of the ability to walk; *i.e.,* an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
> (2) *To ambulate effectively,* individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00 (2005).

The ALJ specifically considered Listing 1.03, but found that Plaintiff did not meet that Listing because she was effectively ambulating only weeks after major surgery, and there was no medical evidence of a prescribed assistive device and no medical record of observed inability to ambulate. (Tr. 25) Substantial evidence supports the ALJ's conclusion.

Plaintiff had left knee surgery January 9, 2004. (Tr. 145, 147) On June 1, 2004, her surgeon assigned a disability rating of 18% and released her to return to work at a modified

job or to retrain for more sedentary work.[4] (Tr. 138) She had a total knee arthroplasty January 20, 2006. (Tr. 173-74) Six weeks later, her surgeon noted she had only slight pain and no pain when walking. (Tr. 176) The Court also observes that the duration requirement was not met. An impairment or combination of impairments may be found disabling under the Listing of Impairments only if the twelve-month duration requirement is met. 20 C.F.R. §§ 404.1520(d) (2005).

> Plaintiff also contends that she met Listing 1.03, which reads as follows:
>
> 1.02 *Major dysfunction of a joint(s) (due to any cause):* Characterized by gross anatomical deformity (*e.g.*, subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> or
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00 (2005).

The ALJ specifically addressed that Listing. (Tr. 25) Again, Plaintiff's ability to ambulate effectively prevented her meeting Listing 1.02. For a claimant to show that her impairment matches a Listing, it must meet all of the specified medical criteria; an impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Plaintiff has the burden of showing that she met a Listing. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004); *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998). She failed to meet that burden.

---

[4] She had been working as a security officer.

Next, Plaintiff argues that the hypothetical question to the vocational expert was incomplete because it did not include the fact that she was missing a finger on her dominant hand. (Br. 18-20) Plaintiff's attorney was present at the administrative hearing. (Tr. 209-29) He cross-examined the vocational expert and could have added that limitation to the hypothetical question, but did not do so. (Tr. 226-27) Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings. *Weikert v. Sullivan*, 977 F.2d 1249, 1254 (8th Cir. 1992); accord, *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999). Furthermore, the ALJ noted Plaintiff's allegation of hand problems, but properly noted that there was no medical evidence of treatment of same or any acceptable medical diagnosis thereof.[5] (Tr. 25) In addition, Charles Clark, M.D., her treating orthopedist, observed that she had no limitation in her ability to reach, handle, feel or finger.[6] (Tr. 134) The hypothetical question posed to the vocational expert was proper. Substantial evidence supported the inclusion of certain impairments and the exclusion of others. See *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993)(hypothetical may omit evidence not substantially supported by record as a whole); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991)(hypothetical question need only include impairments accepted by ALJ as true).

Next, Plaintiff contends that the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles. (Br. 20-21) In support of that contention, Plaintiff quotes a portion of Social Security Ruling 83-12:

> However, most jobs have ongoing work processes which demand that a
> worker be in a certain place or posture for at least a certain length of time to

---

[5] Plaintiff did not allege that she was limited in her ability to work by hand problems. (Tr. 74)

[6] The ALJ's hypothetical question fully incorporated Dr. Clark's opinion of her functional abilities. (Compare 132-34 and 223-24)

      accomplish a certain task. Unskilled types of jobs are particularly structured so
      that a person cannot ordinarily sit or stand at will.

(Br. 21)  Plaintiff's argument is based on an incomplete reading of SSR 83-12, however. The sentence following the above quoted portion adds: "In cases of unusual limitation of ability to sit or stand, a VS[7] should be consulted to clarify the implications for the occupational base." SSR 83-12, at 4.  That is precisely what the ALJ did.  He called a vocational expert.  See *Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir. 1996)(ALJ properly consulted vocational expert pursuant to SSR 83-12 when claimant was required to alternately sit and stand).  Plaintiff's argument lacks merit.

      Finally, Plaintiff argues that the ALJ failed to apply Social Security Ruling 02-1p properly in evaluating the severity of her obesity.  (Br. 21-23)  That ruling does not mandate any special procedure for evaluating obesity.  The ALJ properly noted that Plaintiff had been obese.  (Tr. 25, 151)  He also observed that by September 9, 2005, less than nine months after her diagnosis of obesity, she had lost 40 pounds to the benefit of her knees and gastroesophageal reflux disease.  (Tr. 25, 178)  Therefore, her obesity did not meet the durational requirement.  Plaintiff's argument lacks merit.

      It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the ALJ's decision.  *E.g.*, *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

      The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the

---

    [7]A VS is a vocational specialist, a term which describes all vocational resource personnel, including vocational consultants, vocational evaluation workshops and vocational experts.  SSR 83-12, at 2.

record as a whole that a reasonable mind might accept as adequate to support the conclusion of the ALJ in this case. *Perales*, 402 U.S. at 401; *Reuttert*, 372 F.3d at 950. The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED this 17th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE